STATE OF MAINE                                          SUPERIOR COURT
                                                         CIVIL ACTION
YORK, ss.                                           DOCKET NO. AP-07-05
                                                    PAF - YOR - 8/10/2007

KEVIN W. MARTELL,

                    Plaintiff

            v.                            **ORDER AND DECISION**

INH. TOWN OF LIMINGTON,
et al.,

                    Defendants

DONALD L. GARBRECHT LAW LIBRARY

JAN 07 2008

Kevin Martell is the owner of real estate located near South Road in Limington. In 2005 he applied for a growth permit and was informed by the then Code Enforcement Officer, in a letter of August 9, 2005, that his application was denied as he had created an illegal subdivision. The letter concluded by stating, "If you do not agree with this decision, your next step would be taking this matter to court yourself. The Limington Appeals Board cannot hear subdivision cases. Please let me know if you have any questions regarding this matter." No appeal was taken.

On August 22, 2006 Mr. Martell signed a new growth permit application for the same property. That application was denied, without explicitly stating so, by the current Code Enforcement Officer. A more explicit denial letter was signed on October 18, 2006. Mr. Martell promptly appealed the explicit denial to the Limington Board of Appeals which, after hearing, denied his appeal since it was thought to be an untimely appeal from the August 9, 2005 decision. An appeal to this Court followed.

The central question in this appeal is whether the lack of a timely appeal from the August 9, 2005 denial letter prohibits a new application.

In *Town of Freeport v. Greenlaw*, 602 A.2d 1156 (Me. 1992) a restaurant owner received a letter dated April 24, 1990 from the Code Enforcement Officer instructing him to remove picnic tables which were thought to violate a municipal ordinance. No appeal was taken from that letter. In later litigation the Town argued that Greenlaw could not raise an issue of the grandfathered status of the tables because he had not appealed the "directive to remove the picnic tables given to him in the April 24, 1990 letter," at 1159. The Law Court determined that the question of whether he could raise his defense in the Superior Court was "... really a matter of issue preclusion based upon principles of administrative *res judicata*," at 1160.

In a detailed analysis at pages 1160-1161, the Law Court referred to case law, the *Restatement (Second) of Judgments*, and, by analogy, the Maine Administrative Procedure Act to "... provide a reasonable guide as to what a notice should contain in order to trigger the application of administrative *res judicata*," at 1161. The notice "should refer to the provisions of the ordinance allegedly being violated, inform the violator of the right to dispute the order and how that right is exercised by appeal, and specify the consequences of the failure to appeal," at 1161.

Since the letter of August 9, 2005 incorrectly informed Mr. Martel where his appeal should be taken and failed to inform him of the consequences of the failure to appeal he should not be denied the right to now appeal. While it was correct that the Board of Appeals does not hear subdivision cases, the Planning Board does, the advice was incorrect as the Board of Appeals does hear appeals from decisions such as the one to deny a growth permit, that are made by the Code Enforcement Officer.

The entry is:

Notice of Decision of the Limington Board of Appeals of December 8, 2006 is reversed. This matter is remanded to the Limington Board of Appeals for a hearing on the merits of Kevin Martell's appeal.

Dated:        August 10, 2007

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:

David R. Ordway, Esq.
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME   04072

DEFENDANTS:

James B. Haddow, Esq.
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME   04112-8555

3